# Atlantic Terra Cotta Company *v.* Carson, Appellant.

*Constitutional law—Special legislation—Remedy—Mechanics' liens—Acts of June 16, 1836, P. L. 695, and June 4, 1901, P. L. 431—Constitution, art. III, sec. 7.*

1. The Act of June 4, 1901, P. L. 431, relating to mechanics' liens, does not violate art. III, sec. 7, of the Constitution as a special law "providing or changing methods for the collection of debts or the enforcement of judgments," because it repealed and omitted from its operation that portion of the Act of June 16, 1836, P. L. 695, which provided "that no such scire facias shall in any case be issued, within fifteen days previous to the return day of the next term." The later statute is a mere regulation of the old remedy, affecting only the time when and the form in which the scire facias may issue.

*Constitutional law—Title of statute—Mechanics' liens—Act of June 15, 1911, P. L. 980.*

2. The Act of June 15, 1911, P. L. 980, entitled, "An Act to amend the 32d Section of an Act entitled (reciting the title of the act of June 4, 1901, P. L. 431), as amended by the 2d section of an act ap-

## 92   ATL. TERRA COTTA CO. *v.* CARSON, Appellant.

proved April 17, 1905 (P. L. 172), entitled (reciting title of the act of 1905) by providing for an amicable scire facias," sufficiently states its contents in its title, and is not unconstitutional.   The substitution of the word "property" for the word "structure" did not vary the meaning of the notice which the writ conveyed.   The words "by providing for an amicable scire facias" were notice that the legislature dealt with the subject of the scire facias and sufficient to put parties upon inquiry as to whether the form thereof was affected.

*Mechanic's lien—Scire facias—Service—Acts of June 4, 1901, P. L. 431, and July 9, 1901, P. L. 614—Affidavit of defense.*

3. The service of a writ of scire facias sur mechanic's lien is not governed by the Act of June 4, 1901, P. L. 431, but by the Act of July 9, 1901, P. L. 614, entitled, "An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs."

4. The 34th section of the act of June 4, 1901, which provides that "if no affidavit of defense be filed within the time designated, judgment may be entered, etc.," must be read in connection with the 32d section of the act in which the form of scire facias shows that the affidavit of defense must be filed within fifteen days after service of the writ.   The fact that the form of the writ was changed by subsequent legislation, and all reference to an affidavit of defense omitted, is immaterial.

Argued Oct. 23, 1912.   Appeal, No. 137, Oct. T., 1912, by defendant, from order of C. P. No. 3, Phila. Co., Dec. Term, 1911, No. 7,053 M. L. D., discharging rule to quash writ of scire facias, making absolute rule for judgment for want of an affidavit of defense, and discharging rule to open judgment in case of Atlantic Terra Cotta Company v. David R. Carson, Owner, and Calvin W. Rogers, Contractor.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Rule to quash writ of scire facias sur mechanic's lien.
Rule for judgment for want of an affidavit of defense.
Rule to open judgment.

From the record it appeared that this claim for a mechanic's lien was filed February 20, 1912, and a writ of scire facias thereon was issued March 1. 1912, returnable to the first Monday in March, 1912.

David R. Carson took a rule to show cause why the scire facias should not be quashed because: (1) it was not issued fifteen days prior to its return day; (2) it was directed against "property" therein described, instead of against "structure" thereon, as required by law; (3) the provisions of the Act of June 4, 1901, P. L. 431, and the supplements thereto with relation to the writs of scire facias and the service of said writs, were unconstitutional. This rule was discharged by the court without opinion. The claimant then entered judgment for want of an affidavit of defense. This appellant took a rule to show cause why the judgment should not be stricken off because: (1) he was not ruled or notified to file such affidavit of defense; (2) there is no act of assembly requiring the filing of such affidavit of defense; (3) there is no constitutional act of assembly requiring the filing of such affidavit of defense. This rule was also discharged by the court without opinion. This is an appeal from the judgment so entered.

*Errors assigned* were the orders of the court.

*Edward Hopkinson, Jr.,* and *Abraham M. Beitler,* with them *A. S. Ashbridge, Jr.,* for appellant.—Mechanic's lien legislation must not "regulate the practice in any judicial proceeding:" Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Page v. Carr, 232 Pa. 371.

The "practice in any judicial proceeding" includes the time and manner in which the pleadings and process are to be served or entered: Opp v. Ten Eyck, 99 Ind. 345; Wright v. State, 5 Ind. 290; Union Nat. Bank v. Byram, 131 Ill. 92 (22 N. E. Repr. 842); People v. Central Pac. R. Co., 83 Cal. 393 (23 Pac. Repr. 303).

The mechanic's lien act of 1901 and its amendments have changed the form, time of issuance and manner of service of the scire facias: O'Neill v. Hurst, 11 Phila. 171; Rynd v. Bakewell, 6 W. N. C. 167.

The restriction in the act of 1836 (in force in 1874) that the scire facias shall in no case be issued within fifteen days previous to the return day has been totally eliminated: Miles v. Pleasant, 9 W. N. C. 63; East Stroudsburg Lumber Co. v. Ottenheimer, 4 Pa. Dist. Rep. 730.

The amendment of 1911 has created a new practice for the obtaining of judgments, by "amicable scire facias," without notice of any kind to anyone except the defendants in the writ.

The scire facias was not issued in the form prescribed by law.

There is now no time designated within which an affidavit of defense must be filed: Yates v. Meadville Boro., 56 Pa. 21.

In 1874 there was no uniform practice nor state-wide law providing for the taking of judgments for want of an affidavit of defense to a scire facias sur mechanic's claim.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellee.—The act of 1901, in abolishing the interval of fifteen days between the issuing of the scire facias and the return day, did not change a method for the collection of a debt within the constitutional prohibition: Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Trexler v. Kuntz, 36 Pa. Superior Ct. 352; Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Sterling Bronze Co. v. Imp. Assn., 226 Pa. 475; Page v. Carr, 232 Pa. 371.

The substitution of the word "property" for the word "structure" in the form of the writ prescribed by the act of 1911, did not require special notice in the title of the act.

The 34th section of the Act of June 4, 1901, P. L. 431, requires an affidavit of defense to be filed to a scire facias sur mechanic's lien within fifteen days after service of the writ: Wyss-Thalman v. Brewing Co., 216 Pa. 435; Joyce v. Wizsgurda, 8 Schuylkill Legal Rec. 18; Getz v. Brubaker, 25 Pa. Superior Ct. 303.

OPINION BY PORTER, J., February 27, 1913:

The plaintiff, on March 1, 1912, caused this writ of scire facias to issue upon a mechanic's lien, which complied with all the statutory requirements, the writ being returnable to the first Monday of March, less than fifteen days after the day it issued. The defendants having been duly served, within the county of Philadelphia, obtained a rule to show cause why the writ of scire facias should not be quashed. This rule the court subsequently discharged, which action is the subject of the first specification of error. The plaintiff then entered judgment for want of an affidavit of defense, whereupon the defendants obtained a rule to show cause why that judgment should not be stricken off, and the discharge of that rule is the subject of the second and third specifications of error.

The Act of June 16, 1836, P. L. 695, relating to mechanics' liens, had provided: "That no such scire facias shall in any case be issued, within fifteen days previous to the return day of the next term." This provision was omitted from and repealed by the Act of June 4, 1901, P. L. 431, and if this later statute does not, in this respect, violate the constitution of the commonwealth, the writ in this case could not be successfully challenged because of the time at which it issued. The appellant contends that because the act of 1901 caused this change in procedure upon mechanics' liens it must be held to violate art. III, sec. 7, of the constitution, in that it is a special law "providing or changing methods for the collection of debts or the enforcement of judgments." While many of the provisions of the act of 1901 have been held to violate this constitutional restriction, for the reason that they gave to this special class of creditors some new right, or some remedy which enabled them to reach property which had not been subject to such claims prior to the constitution of 1874, none of the decisions relied on by the appellants can reasonably be interpreted to mean that it is beyond the power of the legislature to make any change in the details of the procedure relating to the old methods for the collec-

tion of debts. The result of the decisions is to make it clear that any provision of the act of 1901 which is clearly divergent from, and is an advance upon the law as it stood prior to the constitution of 1874, is to be regarded as invalid: Page v. Carr, 232 Pa. 371. "A number of the sections of that act have been declared unconstitutional for the reason that since the adoption of the constitution of 1874 any statute which extends the law as it then stood by providing new methods for the collection of debts due a special class of creditors is void:" Sax v. School District, 237 Pa. 68. There is a manifest distinction between a law which gives to a party a new remedy, enabling him to reach property which could not before be taken to satisfy his claim, and a law which is a mere regulation of the old remedy, affecting only the time when and the form in which a scire facias may issue. "This method of filing a lien and enforcing the collection of a debt thus secured had been provided by law in our state about seventy years before the new constitution was adopted, and it is not conceivable that the framers of our fundamental law intended to disturb the old method of procedure relating thereto. The constitution does not in terms undertake to do any such thing, and certainly no such implication can arise from any reasonable interpretation thereof. A fair construction of the constitution leads to the conclusion that the intention of its framers was not to prohibit legislation relating to old methods for the collection of debts or enforcing of judgments recognized and in general use at the time of its adoption, but to prevent the enactment of local and special laws providing new methods or changing old ones and applicable only to particular localities or to special classes:" Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382. The procedure under a mechanic's lien, by scire facias which binds only the particular property, is an old method. It is a proceeding in rem, well understood and of general application, and was so at the time of the adoption of the constitution.

The foundation of the entire method for the collection

of these claims was the lien which the law gave upon the property, the building with its curtilage. Any provision of the act of 1901 which extended that lien to other property involved, therefore, a departure from the principle upon which the whole system was based. The claimant must, under the system prevailing prior to 1874, file his lien in proper form within six months, in order to preserve the lien of the claim against the property beyond that period after the completion of his work. In so far as these primary steps in the proceeding are concerned, the provisions of the act of 1901 applicable to the present case involved no departure from the pre-existing law. The appellants concede that the claim was properly filed and is, apparently, a valid lien. The statutes having given the lien and required it to be filed of record provided, as the method for its collection, a proceeding in rem, of which the owner of the property and the contractor for the building should have notice and an opportunity to defend. These were the essential characteristics of "the method," prior to the constitution of 1874, well recognized for the collection of debts of this particular class. Any new statute which changed the nature of the action and permitted a personal judgment to be entered against the parties named as defendants, or permitted the property to be sold without notice to the owner and contractor, would involve a change in the method of collecting this special class of debts. The proceeding must continue to be one in rem, and the owner and contractor must have notice and an opportunity to defend. The mere form of the notice to the defendants and the time at which it may issue need not necessarily always remain unchanged, so long as clear and distinct notice is given and the defendants are deprived of no substantial right. The claim being a matter of record, the legislature very properly saw fit to require that the notice to the owner and contractor to appear and defend should take the form of a writ of scire facias. The writ of scire facias is used to summon defendants to appear at a day named and show cause why the plaintiff should

not have the advantage by law given him out of a matter of record. The records, to enforce the rights growing out of which this writ may issue, are sometimes founded upon the express contract of the parties, such as a recognizance or mortgage, or they may arise without an express contract, as in case of the exercise of the taxing power; or the record may owe its origin, as in case of a mechanic's lien, to statutory right, arising indirectly out of the dealings of the parties. The variety of the records upon which the writ of scire facias may issue renders it proper and necessary, in order that the defendant may have sufficient notice, that the form of the writ shall vary to meet the exigencies of each particular case. This is a mere detail of pleading, and the variation in the several writs involves no departure from the essential nature of the proceeding. The writ of scire facias upon a mortgage, a tax lien, a municipal claim, or a mechanic's lien, should disclose the character of record upon which it issued, and, this being so, it is manifest that precisely the same language ought · not to be used in each and all of the said writs. The writ of scire facias upon a mechanic's lien so far as its mere form is concerned must necessarily be different from such a writ issued upon a mortgage. The thing that is essential, in the writ of scire facias upon any record, is that it shall give the defendants notice of the record and that they are required to appear and defend. The form of the writ being dependent upon the record upon which it issues, it follows that, as to mere matters of form the writs upon mechanics' liens, mortgages, tax claims and municipal claims, respectively, must each be in a class by themselves, and it is competent for the legislature to prescribe a distinct form for each, but such forms must contain full notice to the defendants. Section 32 of the Act of June 4, 1901, P. L. 431, which prescribed the form of scire facias to be issued upon mechanics' liens, was amended by the Act of April 17, 1905, P. L. 172, which in turn was amended by the Act of June 15, 1911, P. L. 980, and the scire facias in the present case issued in the form prescribed by the

act last mentioned. The appellants contend that the Act of June 15, 1911, P. L. 980, is unconstitutional for the reason that its title failed to give proper notice of its contents. The title of the act is "An Act to amend the 32d section of an act entitled (reciting the title of the act of June 4, 1901) as amended by the 2d section of an act approved the seventeenth day of April Anno Domini one thousand nine hundred and five entitled (reciting the title of the act of 1905) by providing for an amicable scire facias." The only effect of the statute upon the form of the writ of scire facias, so far as this case is concerned, was to substitute the word "property" instead of the word "structure," which had been used in the act of 1905. The change thus effected did not vary the meaning of the notice which the writ conveyed to the defendants. The claim is a lien not only upon the "structure" or "building," but it is also a lien upon the curtilage appurtenant to the building, and the word "property" more clearly defines the subject of the lien. Even if the act of 1911 were held to be invalid, as an amendment, the words, one of which was substituted for the other, conveyed, in the connection in which they were used, the same meaning, the defendants could not have been misled and the writ might properly have been amended, under the provisions of sec. 51 of the Act of June 4, 1901, P. L. 431. We are of opinion, however, that the words of the title of the act "by providing for an amicable scire facias" were notice that the legislation dealt with the subject of the scire facias and sufficient to put parties upon inquiry as to whether the form thereof was affected.

The effect of the omission from the act of 1901 of the prohibition of the issuance of a writ of scire facias within fifteen days previous to the return day of the next term, which had prevailed under prior legislation, was to promote uniformity in judicial proceedings, rather than the reverse. The Act of June 4, 1901, P. L. 431, and that of June 4, 1901, P. L. 364, which provides a complete and exclusive system regulating the creation of municipal

liens, were commented upon by Mr. Justice STEWART in Scranton v. Genet, 232 Pa. 272, as follows: "The latter act, passed the same day as the general municipal claim act, changed the procedure in cases of mechanics' liens, and brings it into exact accord with the procedure provided for in the municipal lien act." These statutes passed upon the same day, require precisely the same procedure to enforce the two classes of liens which are not only most numerous in our practice but are more nearly similar in their nature, as they do not directly arise from an express contract of the parties, than any others known to our law. The prohibition, in the old law, against the issuance of a scire facias within fifteen days did not affect the right of the claimant to a lien, it was something over which he had no control, it related only to procedure in the courts. The omission of that prohibition from the act of 1901 made the procedure by scire facias upon a mechanic's lien to conform with the procedure by scire facias upon other records of like character. If the provisions of the act of 1901 and its supplements, relating to the procedure by scire facias upon mechanics' liens is invalid, then, as all other statutes had been repealed, the lien is not enforceable, it is not operative; it is, in effect, no lien: Foster v. Fowler, 60 Pa. 27; Henry Taylor Lumber Company v. Carnegie Institute, 225 Pa. 486. The complaint of the appellant that the act of 1901 is rendered invalid because of the manner in which it requires the scire facias to be served seems to be founded on a misapprehension. The service of the writ is not governed by the provisions of the Act of June 4, 1901, P. L. 431, but by the Act of July 9, 1901, P. L. 614, entitled, "An Act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs." The service of the scire facias in the present case was made in pursuance of the requirements of the statute last named, the defendants were served personally within the county of Philadelphia by the sheriff of that county, and, no one being found in possession of the premises, a

copy of the writ was posted upon the most public part thereof. These considerations lead us to the conclusion that the refusal of the court below to quash the writ of scire facias was free from error. The first specification of error is overruled.

The remaining assignments of error raise the question of the regularity of the entry of the judgment for want of an affidavit of defense. Section 34 of the act of June 4, 1901, is in the following language, viz.: "If no affidavit of defense be filed within the time designated, judgment may be entered and damages assessed by the prothonotary by default, for want thereof," etc. Then follow other provisions, among them one giving the defendant the right to require the plaintiff to reply under oath to the statements set forth in the affidavit of defense, but these provisions are for present purposes immaterial. This section of the statute does not, in its essence, invest the claimant with any new right. It relates to procedure only, its purpose is to expedite the public business and constrain the parties to arrive at an issue of fact, if there be any disputed fact, upon which they may go to trial. This section is a transcript of sec. 19 of Act of June 4, 1901, P. L. 364, 371, relating to proceedings on municipal claims. The effect of the legislation, contained in these two statutes, was to make the procedure upon those claims correspond with the general practice in actions of assumpsit. It is certainly competent for the legislature to enact a statute containing provisions which require parties to proceedings to a writ of scire facias upon a record to make such affidavits, before going to trial as will enable the court to determine whether there are any disputed facts to be determined by a jury, so as to make the procedure in such cases conform with that in actions at law for the recovery of money upon a contract. The defendant contends, however, that the law does not require an affidavit of defense to be filed within any particular time. What did the legislature mean when it said, in sec. 34 of the statute, "if no affidavit of defense be filed

within the time designated," what time did it refer to? This we must ascertain from the statute, and the only answer is to be found in sec. 32, which prescribed the form of the writ of scire facias, in part, in these words: "Now you are hereby notified to file your affidavit of defense to said claim, if any defense you have thereto, in the office of the prothonotary of our said court, within fifteen days after the service of this writ upon you. If no affidavit of defense be filed within said time, judgment may be entered against you for the whole of the said claim." The legislative intention was to enact that if no affidavit of defense be filed within fifteen days after service of the writ, judgment should be entered by default. That was the meaning of sec. 34 at the time it was enacted and that section has never been amended or repealed; it has the same meaning now that it had when enacted. The section does not enact that if no affidavit of defense be filed within the time required by law judgment may be entered by default. The legislature had in mind a definite, designated time, and what that definite time was is to be ascertained by reading the other sections of the statute into sec. 34. Subsequent legislation has changed the form of the writ of scire facias which was prescribed by sec. 32 of the statute, and it now contains no reference to the filing of an affidavit of defense, but in order to ascertain the meaning of sec. 34 we must read sec. 32 in the way in which it was written at the time the legislature enacted the statute. It was manifestly the intention of the legislature to provide for the entry of judgment in default of the filing of an affidavit of defense within fifteen days after the service of the writ, and the specifications of error must be dismissed.

The judgment is affirmed.

Rice, P. J., dissents.