# Atlantic Terra Cotta Company v. Carson, Appellant.

*Mechanics' liens—Statutes—Special legislation—Amendments —Immaterial changes—Titles—Repeals—Acts of June 16, 1836, P. L., 695; June 4, 1901, P. L. 431; April 17, 1905, P. L. 172; June 15, 1911, P. L. 980—Constitution of Pennsylvania, Article III, Section 7—Constitutional law.*

1. The Act of June 4, 1901, P. L. 431, repealing Section 16 of the Act of June 16, 1836, P. L. 695, which provided that no scire facias shall in any case be issued within fifteen days previous to the return day of the next term, is not special legislation forbidden by Article III, Section 7 of the Constitution, but the repeal of special legislation which is authorized by the Constitution.

2. The Act of 1901 is not rendered unconstitutional because it extends the practice with regard to affidavits of defense to certain counties of the State where prior to 1874 an affidavit of defense to a scire facias upon a mechanics' lien was not required, since the effect of this change in procedure tends to promote uniformity and to bring the practice into line with the general procedure prevailing throughout the State.

3. The fact that the Act of June 15, 1911, P. L. 980, amending the Act of April 17, 1905, P. L. 172, provides that the writ of scire facias shall require the defendant to appear and show cause why the claim "should not be levied on the said property" instead of "on the said structure" as provided in the earlier act, does not involve any material change; the word "property" in the later act includes "structure," and "structure" in the former act included the land on which the structure was erected; the Act of 1911 is therefore constitutional, although no notice of the substitution is given in its title.

4. Section 34 of the Act of 1901, by reference to Section 32 of the same act, required an affidavit of defense to a scire facias sur mechanics' lien to be filed within fifteen days after service of the writ, and this is not changed by the Acts of 1905 and 1911 which amend the 32d section of the Act of 1901 and omit the fifteen day requirement.

Argued Jan. 21, 1915. Appeal, No. 114, Jan. T., 1913, by David R. Carson, from judgment of Superior Court, Oct. T., 1912, No. 137, affirming judgment of C. P. No. 3,

Philadelphia Co., Dec. T., 1911, No. 7053, M. L. D., in case of Atlantic Terra Cotta Company v. David R. Carson, Owner or Reputed Owner, and Calvin W. Rogers, Contractor. Before POTTER, MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the case. See Atlantic Terra Cotta Co. v. Carson, 53 Pa. Superior Ct. 91.

The Superior Court affirmed a judgment entered for plaintiff for want of an affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*Edward Hopkinson, Jr.,* and *Abraham M. Beitler,* with them *A. S. Ashbridge, Jr.,* for appellant.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellee.

OPINION BY MR. JUSTICE POTTER, March 8, 1915:

This is an appeal from the judgment of the Superior Court, affirming a judgment of the Court of Common Pleas, No. 3, of Philadelphia County, in an action of scire facias upon a mechanics' lien. The claim was filed in the usual way, and was admittedly regular, but the writ of scire facias was issued less than fifteen days prior to the return day. The Act of June 16, 1836, P. L. 695, which was in force until the passage of the Act of June 4, 1901, P. L. 431, but was expressly repealed by section 61 of that act (p. 458), provided that "no scire facias shall in any case be issued within fifteen days previous to the return day of the next term." The Act of 1901 contains no such provision. It is urged that this omission was a violation of Article III, Sec. 7, of the

Constitution, which prohibits the legislature from pass-
ing any local or special law, "regulating the practice or
jurisdiction of, or changing the rules of evidence in, any
judicial proceeding, or inquiry before courts, aldermen,
&c." The change in practice, which appellant regards as
unconstitutional, was the result of the repeal of the Act
of 1836 and was not due to any enacting provision of the
Act of 1901. Even though the mechanics' lien acts be
regarded as special laws, yet the section of the Constitu-
tion cited by counsel for appellant expressly provides for
the passage of laws repealing local or special acts. In so
far therefore, as the Act of 1901 repealed the Act of 1836,
it did not violate the Constitution. Under the Act of
1901 the practice as to the return days of writs of scire
facias on mechanics' liens was made to conform to the
general practice in actions of scire facias, assumpsit and
trespass.' That act cannot, therefore, be said to be spe-
cial legislation "regulating the practice......in any
judicial proceeding." On the other hand, it is clearly in
line with the constitutional intent that procedure in the
courts shall be governed, as far as possible, by general
rules. In Ruan Street, 132 Pa. 257, this court said, (p.
282) : "A law which repeals a local law must of necessity
affect only the locality in which the local law prevailed;
but it is not, therefore, a local law within the meaning of
the Constitution. It does not set up, but it destroys, a
local system, and thereby extends the general law over
the territory previously withdrawn from its operation
......They (the sections of the act under consideration)
take away the previously existing system for the assess-
ment of damages for the opening of plotted streets,
which was local, and rested on local laws, and put the
system provided by general law in its place. For this
reason we think they do not offend against the Consti-
tution." In the case at bar, the repeal of the Act of 1836
did away with previously existing special law regulating
the issuance of writs of scire facias on mechanics' liens,
and the Act of 1901 substituted therefor the general law.

An act which permits a claimant to sue in the same way as upon a mortgage, a promissory note, or other cause of action gives him no special right. The Act of 1836 did contain a special provision which fell with the repeal of that act. In adopting the Act of 1901, the legislature was under no duty to reenact a provision of the old law, which was in itself special legislation.

It is further suggested that the Act of 1901 is unconstitutional because it extends the practice with regard to affidavits of defense to certain counties in the State, where prior to 1874, an affidavit of defense to a scire facias under a mechanics' lien was not required. Philadelphia was not however one of those counties, so that as to the present lien no change in the practice in this respect was made by the Act of 1901. But in any event the suggestion is without merit, for the reason that in the few counties where a change in practice would be required, the change in procedure would tend to promote uniformity, and to bring the practice into line with the general procedure prevailing throughout the State. Counsel for appellant also called attention to the fact, that by the Act of April 17, 1905, P. L. 172, the form of the scire facias prescribed by the Mechanics' Lien Act of June 4, 1901, P. L. 431, Sec. 32, was changed, and by the Act of June 15, 1911, P. L. 980, it was further amended. By the Act of 1905, the writ required the defendant to appear and show cause why the claim "should not be levied on the said structure," while by the Act of 1911, the writ was made to read, "should not be levied on the said property," the word "property" being substituted for "structure."

The title to the Act of 1911 states that it is an act to amend the Acts of 1901 and 1905, reciting the titles of those acts in full and adding "by providing for an amicable scire facias." There is a new clause added to the section which provides as stated.

Appellant argues that the title gives no notice of the substitution of the word "property" for "structure" in

the form of the writ and that therefore the act is uncon-
stitutional and the form of writ used is not in conformity
with the law and should have been quashed. We do not
regard the use of the word "property" instead of "struc-
ture" as involving any material change. By section 1 of
the Act of 1901, "structure" is defined as the "building"
against which the claim is filed and "property" as the
estate in fee, freehold, leasehold, or other estate or inter-
est therein, "with the structure or other improvements
thereon." Therefore, "property," as used in the Act of
1911 includes "structure," and "structure" in the Act of
1905 must have been intended to include the "property,"
of which the structure is a part, that is, both the building
and the curtilage.

The form of scire facias prescribed by the Acts of 1905
and 1911 requires the "structure" or "property" to be
described in the writ "as in the claim." The Act of 1905
provides that the claim shall state "the locality of the
structure, with such description thereof, as may be neces-
sary for the purpose of identification, and a description
of the real estate upon which the same is situate." This
provision of the act was fully complied with in the scire
facias in the present case. The writ gave full notice to
defendants of both the building and the real estate
against which plaintiff sought to enforce his claim. The
substitution of the word "property" for "structure" in
the form of the writ given in the Act of 1911, was im-
material, and in so far as appellant is concerned, the
change was harmless.

It is provided in section 34 of the Act of 1901, that "If
no affidavit of defense be filed within the time designated,
judgment may be entered and damages assessed by the
prothonotary by default, for want thereof." Reference to
section 32 of the same act shows that "the time desig-
nated" was fifteen days after the service of the writ on
defendant. This time was designated in the prescribed
form of writ, but by the amendments to that form made
by the Acts of 1905 and 1911, the notice to file an affi-

davit of defense within fifteen days after service was omitted. It is therefore argued that there is now no time designated within which an affidavit of defense must be filed.

It is obvious that the time designated by section 34 of the Act of 1901, though the designation is made by reference to another section of the act, was fifteen days after service of the writ. Section 34 has not been repealed or amended, so that designation stands, as if it had been written in the section.

In Guenthoer's Est., 235 Pa. 67, our Brother MES-TREZAT said (p. 73) : that it was a rule of construction uniformly recognized and enforced, that "if an act adopt the provisions of a preceding act, an amendment or repeal of the latter will not extend, limit or repeal the former." The same rule applies to the adoption of a provision in one section of an act, as part of a later section of the same act. The rule was illustrated in Schlaudecker v. Marshall, 72 Pa. 200, (203), where an act of assembly passed in 1871 gave the board of licensers of the City of Erie "the same power and authority to grant licenses in the said City of Erie as the Court of Quarter Sessions by law now has," it was held that "the power and authority of the board in acting on the application are to be ascertained by the state of the law as to the Court of Quarter Sessions at the date of the Act of 1871." A general statement of the same principle appears in Endlich on Interpretation of Statutes, section 85, p. 115, where it is said: "An act adopting by reference the whole or a portion of another statute means the law as existing at the time of the adoption, and does not adopt any subsequent addition thereto or modification thereof." Applying this principle to the point under consideration, makes it clear that the 34th section of the Act of 1901, by reference to the 32d section, requires an affidavit of defense to be filed within fifteen days after service of the writ.

The assignments of error are overruled, and the judgment of the Superior Court is affirmed.