## Brader, to use, v. Snyder.

*Mechanic's lien—Contractor—Execution—Levy on personal property of contractor—Act of June 4, 1901—Constitutional law.*

Section 35 of the Act of June 4, 1901, P. L. 434, giving the right to pursue the contractor personally upon the judgment procured upon a *scire facias sur* mechanic's lien, is unconstitutional, and the execution so issued against a contractor will be stricken off.

Rule to strike off execution. C. P. Lehigh Co., April T., 1924, No. 63.

*Oliver W. Frey,* for use-plaintiff.

*William H. Schneller,* for defendant contractor.

RENO, P. J.—John A. Brader, sub-contractor, filed a mechanic's lien against Joseph A. Snyder and Edna M. Snyder, owners, and Lewis M. Jones, contractor. Upon it a *scire facias* was issued and judgment entered for want of an appearance and affidavit of defence. The judgment having been assigned to the use-plaintiff, a *fieri facias* was issued thereon and the personal property of Lewis M. Jones levied upon by the sheriff. Lewis M. Jones has petitioned for an order requiring that his personal effects be exonerated from levy upon the judgment. In short, he desires that the judgment be regarded as *in rem* and not *in personam*.

The use-plaintiff contends that under section 35 of the Act of June 4, 1901, P. L. 434, he is entitled to pursue the contractor personally upon the judgment procured upon the *scire facias sur* mechanic's lien. That section provides that if judgment be entered against the contractor, it shall have all the effect of a personal judgment in a suit at common law. But in Sterling Bronze Co. v. Syria Improvement Ass'n, 226 Pa. 475, it was held that any method provided by the Act of 1901 for the collection of the debt or for the enforcement

of the judgment which gives a right to proceed in a personal action against the owner or contractor is obnoxious to the Constitution.

In that case the plaintiff attempted to enforce an alleged personal liability against the owner and contractor after the expiration of the statutory period during which a verdict must be recovered upon the lien. That is, plaintiff, having lost his right to proceed against the property upon which it had a lien, sought to enforce in lieu thereof a liability *in personam* against the party with whom it had contracted. There is, therefore, in that case, a flat adjudication of the principle that any provision in the act which gives to a claimant, even though he be one with whom defendant directly contracted, a personal action, or which permits him to execute a judgment upon the lien against property not embraced in the lien, is unconstitutional. In the face of this, there is no room for the contention that the Supreme Court's expression is *obiter dicta.* The answer to that has been well expressed by Judge Fuller in Ott *v.* Mark Construction Co., 47 Pa. C. C. Reps. 287. See, also, Atlantic Terra-Cotta Co. *v.* Carson, 53 Pa. Superior Ct. 91, affirmed by Supreme Court, 248 Pa. 417; Seelar *v.* East End Mantel Co., 58 Pa. Superior Ct. 119; Page *v.* Carr, 232 Pa. 371; Rosenberg *v.* Cupersmith, 240 Pa. 162.

Now, July 7, 1924, rule absolute and the execution against Lewis M. Jones personally is stricken off.

From Calvin E. Arner, Allentown, Pa.