## Gabro v. Uzelac et ux.

*Cyril T. Garvey*, for plaintiff.

*Samuel Chiccarino*, for defendants.

ROWLEY, P. J., October 20, 1950.—This matter is before the court upon defendant's rule to quash a scire facias sur mechanic's lien, and upon plaintiff's rule to amend that writ.

On April 17, 1950, plaintiff filed his mechanic's lien claim against defendants and thereafter served the required notice of filing.

In pursuance of plaintiff's praecipe, the prothonotary on May 15, 1950, issued a scire facias upon the lien and it was duly served.

On June 6, 1950, defendants obtained a rule to show cause why the scire facias should not be quashed. Thereafter, on July 1, 1950, plaintiff obtained a rule to show cause why the writ should not be amended.

Opposing counsel agreed to argue the rules together. We shall undertake to dispose of both in a single opinion.

The difficulty has arisen because the prothonotary issued the writ in the form prescribed by the Act of April 17, 1905, P. L. 172, thereby omitting the express notice embodied in the writ prescribed by the Act of May 23, 1913, P. L. 307. The writ as issued required defendants to "appear before the Judges of our said court, at a Court of Common Pleas to be held at Mercer, Pa., on the first Monday of June next, to show if anything they know or have to say why the said sum should not be levied of the said property to the use of the said Michael Gabro", whereas the Act of 1913 re-

quires that the writ "also make known to said ———
———, if any defense ——————— have thereto, to
file ——————— affidavit or affidavits of defense
thereto, in the office of the prothonotary of the said
court, within fifteen days after the return day of this
writ, and that otherwise judgment may be entered
against ——————— for the whole amount of the
said claim, and the said property sold to recover the
amount thereof."

It must be conceded that the writ served lacked the
vital notice to which defendants were specifically
entitled.

Counsel for defendant takes a grave view of the
omission. He reminds us that the provisions of the
Mechanic's Lien Law must be rigidly observed since
it is in derogation of the common law, citing Philadel-
phia to use v. Cooper, 212 Pa. 306; O'Kane v. Murray,
252 Pa. 60; Tenth National Bank of Philadelphia v.
Smith Construction Company, 218 Pa. 581. The legal
principle is established beyond dispute. The under-
lying reason is obvious. By virtue of this special stat-
ute, one can impose an encumbrance upon the property
of another through virtually an ex parte procedure.
Because of the somewhat summary character of the
proceeding it is only just that claimant be rigidly held
to a strict compliance with what the statute requires
of him. We believe, nevertheless, that there is need
for a more critical examination of the steps by which
the lien is obtained than is required in subsequent
proceedings to collect the claim.

Except where the Mechanic's Lien Law specifically
provides for the procedure to be followed, the practice
in Mechanic's Lien Law cases tends to assimilate with
the practice in assumpsit cases. The general rules of
practice, like the general rules of evidence, apply to
mechanic's lien cases when not inconsistent with any

provisions in the Mechanic's Lien Law: Cain v. Redlich et al., 310 Pa. 68, 74.

The writ of scire facias does not contribute to the validity of the lien. Its purpose is to notify defendant of the existence of the lien and to fix a date when defendant is required to challenge it.

Apart from express legislative authority, we should have little doubt of our authority to permit amendment of a scire facias issued within the permissible period. However, express authority for such amendment is found in section 51 of the Act of June 4, 1901, P. L. 431, 49 PS §243, which provides:

"Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended from time to time by agreement of the parties, or by leave of the Court."

But defendants' counsel points out that this statute requires that application for amendment shall be "upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired."

A mechanic's lien claim and other pleadings must be verified by oath of the pleader. It is therefore logical to require that any additions to or corrections of matters pleaded be likewise supported by affidavit. But we are not here concerned with any averment of claimant. The writ of scire facias is a summary of the record, prepared by the prothonotary. The amendment now sought does not alter or add to any averment of fact made by claimant.

In the instant circumstances, we think it must be held that the affidavit prescribed by section 51 of the Act of June 4, 1901, P. L. 431, is not pertinent. Certainly it is not indispensable in the situation here pre-

sented. This conclusion is not inconsistent with Dyer v. Wallace, 264 Pa. 169. There the amendment was not allowed because the petition was not supported by the specific affidavit prescribed by the statute. The character of the proposed amendment does not appear in the report of the case. It does appear, however, that the application was to amend the *lien*. It is evident, therefore, that the effort was to alter or add to the averments of the original lien claim.

It is unnecessary to decide whether defendants' motion to quash the writ constituted a waiver of defects in the scire facias, although rule 9, sec. 1, of our rules of court, would seem to warrant such a conclusion.

We cannot agree with plaintiff's counsel that Atlantic Terra Cotta Company v. Carson, 248 Pa. 417, authorizes excuse of the omission from the instant scire facias of a notice to defendant to file an affidavit of defense within 15 days after the return day of the writ. The Terra Cotta case was concerned with the Act of 1911, which prescribed a form of writ that did not include notice to file an affidavit of defense. In that case plaintiff employed the prescribed form. The court declared that defendant was required to obtain his notice from another section of the statute. In the instant case the existing statute specifically required plaintiff to convey the particular notice in the scire facias.

Defendants' counsel complains that allowance of the proposed amendment would deprive his clients of a valuable right. He states that defendants have a counterclaim which can be offered if claimant is relegated to an action in assumpsit. In our view, quashing of the scire facias would not destroy plaintiff's lien nor foreclose his right to have another writ, the statutory period for issuance of the writ not having expired.

In Schaefer v. Preston, 18 Northamp. 185, cited by defendants, wherein the court quashed the scire facias

for the omission from the writ of a single word, claimant subsequently recovered on a pluries scire facias sur mechanic's lien. Id. 19 Northamp. 61.

### Order

And now, October 20, 1950, this matter came on for argument, and was argued, whereupon, after due consideration, it is ordered, adjudged and decreed that defendants' rule to quash the writ of scire facias be discharged; and it is further ordered, adjudged and decreed that leave be granted plaintiff to amend the writ of scire facias in the particulars set out in his petition.