## St. Clair v. Drumm et ux.

*Harry S. Knight*, for plaintiff.

*Carl Rice*, for defendants.

FORTNEY, P. J., May 29, 1951.—On April 11, 1949, plaintiff, a subcontractor, filed his mechanic's lien against defendants, husband and wife, as owners or reputed owners, alleging the sum of $1,562, with interest, was due him for labor and material furnished

in the erection and construction of a certain concrete block and frame building. The scire facias issued on July 22, 1949, and was made returnable the first Monday of September 1949 (September 5th). Counsel for defendants accepted service of the writ the same day.

On September 19, 1949, defendants filed: (1) A motion to quash the writ; (2) plea in demurrer to the writ of scire facias and mechanic's lien. The court, on July 24, 1950, filed an opinion in which defendants' motion to quash the writ was refused and the plea in demurrer was dismissed. No time was fixed in the order of the court within which defendants were directed to plead over.

Plaintiff, on July 28, 1950, entered judgment for want of an affidavit of defense; whereupon, defendants, on August 7, 1950, obtained a rule to show cause why the judgment should not be opened, attaching to the petition for the rule a copy of their proposed affidavit of defense. On the same day, defendants filed their affidavit of defense.

On September 1, 1950, plaintiffs filed an answer to the petition for the rule and on September 5, 1950, filed, additionally, a motion to strike off the affidavit of defense. The controlling question raised by the petition and answer is deemed to be one of law arising from admitted facts and consequently there was no need for testimony: Hamilton v. Sechrist, 142 Pa. Superior Ct. 354.

We have for disposition defendants' petition to open the judgment, as well as plaintiff's motion to strike the affidavit of defense.

Plaintiff contends, when defendants elected to file their demurrer and motion to quash, they exhausted their opportunity to file an affidavit of defense to the merits after the return day of the writ, and the judgment herein against them is valid.

Defendants contend they have a right to file an affidavit of defense on the merits; that the failure of the court to fix a time within which they should plead over gives them, inferentially, 15 days so to do, and the judgment herein is premature and invalid.

The legal question thus presented for determination is whether a defendant who has filed a demurrer and a motion to quash a writ of scire facias sur mechanic's lien, both of which pleadings have been decided adversely to him, may subsequently file an affidavit of defense to the merits, if more than 15 days from the return day of the scire facias have elapsed.

That actions of scire facias sur mechanic's liens are not within the Practice Act of May 14, 1915, P. L. 483, is apparent. The Procedural Rules Committee has not yet promulgated new rules for filing and defending against mechanic's liens: Greenberg v. Koegler, 59 D. & C. 31, 34. The answer to the question in the instant case must therefore be found in the Mechanic's Lien Law, its amendments and subsequent legislation.

The Mechanic's Lien Act of May 22, 1901, P. L. 431, in sections 32 and 34, when read together, provide the time within which defendant may file an affidavit of defense and prescribes the penalty for failure so to do: Atlantic Terra Cotta Company v. Carson, 53 Pa. Superior Ct. 91, 101. The Act of May 22, 1933, P. L. 845, sec. 7, provides plaintiff may, after 15 days after return day, take judgment in default of an affidavit of defense against such defendants as have been served. It is to be noted the original writ in the instant case contains a direction to defendants to file their affidavit of defense within 15 days after the return day of the writ, otherwise judgment may be entered against them. We conclude that defendants herein, by reason of amendments to the Act of 1901, supra, and subsequent legislation, were entitled to file their affidavit of

defense within 15 days after the return day of the writ.

Defendants, instead of filing an affidavit of defense to the merits, by demurrer called upon the court to determine, as a matter of law, the sufficiency of certain items in the scire facias to which objections had been filed. These objections complained of formal deficiencies in the claim and the scire facias. It is well settled that the proper mode of taking advantage of a defect appearing on the face of the claim is by demurrer or motion to strike. Fahnestock et al. v. Speer et al., 92 Pa. 146, 149. The Superior Court, in discussing, inter alia, section 34 of the Act of 1901, supra, says the effect of this legislation was to make the procedure correspond with the general practice in actions of assumpsit: Atlantic Terra Cotta Company v. Carson, supra, page 101. In Cain v. Redlich et al., 310 Pa. 68, 74, the Supreme Court says the general rules of practice, like the general rules of evidence, apply to mechanic's lien cases when not inconsistent with any provision of the Mechanic's Lien Law. Defendants herein filed a demurrer evidently intending to raise legal objections . . . in effect, a statutory demurrer. They ask this court to decide, preliminarily, the formal sufficiency of the claim and writ of scire facias. This we believe is proper pleading. It was the duty of plaintiff to have this formal objection to the lien and scire facias disposed of in a proper way before trial, for, if either on demurrer or motion to quash the lien had been held to be defective, the expense and trouble of a trial would have probably been deemed unnecessary. The justness of this conclusion becomes apparent when we realize that an affidavit of defense filed on the merits must be considered a waiver of formal deficiencies and no question of the sufficiency of the claim upon its face

could arise at trial: Klinefelter et al. v. Baum, 172 Pa. 652, 654. Hence, to sustain the contention of plaintiff would be to preclude defendants from their right to object preliminarily. This, we believe, the legislature did not intend.

In his præcipe plaintiff directs that judgment be entered for want of an affidavit of defense. We are not prepared to say there was no affidavit of defense filed in this case. The demurrer was, in effect, an affidavit of defense raising questions of law. There is a distinction between defendant filing no affidavit of defense and an affidavit of defense contending formal deficiencies in the scire facias preventing recovery. If we adopt plaintiff's view that this is a default judgment, then, by authority of section 51 of the Act of June 4, 1901, P. L. 431, the judgment may be opened upon cause shown. See Kantor v. Herd et al., 276 Pa. 519, 523.

We conclude that the equitable grounds presented fully justify the opening of the judgment to permit defendants to make a defense on the merits. Since the only defense advanced by defendants in their affidavit of defense, which has not been heretofore adjudicated, is the time within which the subcontractor completed the work, we make the following

*Order*

And now, May 29, 1951, the rule heretofore issued is made absolute. The judgment is opened and defendants permitted to defend on the sole question of the time within which the work was completed by plaintiff. It is further directed that the affidavit of defense heretofore filed be stricken from the record and defendants are directed to file their affidavit of defense in compliance with this order to the merits within 15 days from this date.